UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LESLIE A. FARBER, LLC**
33 Plymouth Street, Suite 204
Montclair, NJ 07042
Ph. (973) 509-8500
email: LFarber@LFarberLaw.com
Attorneys for Defendant, John Doe subscriber assigned IP address 76.117.94.168

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC**, | Hon. Michael A. Shipp, U.S.D.J. |
| *Plaintiff,* | Case No. 3:18-cv-16593-MAS-TJB |
| vs. | <u>CIVIL ACTION</u> |
| **JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.117.94.168**, | <u>RETURN DATE</u>: May 6, 2019 |
| *Defendant.* | |

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO CLAWBACK AND REPLACE DOCUMENT 6-2 IN
SUPPORT OF DEFENDANT'S MOTION TO QUASH PLAINTIFF'S
SUBPOENA TO COMCAST, ET AL**

LESLIE A. FARBER, ESQ.
    On the Brief

                                   LESLIE A. FARBER, LLC
                                   33 Plymouth Street, Suite 204
                                   Montclair, NJ 07042
                                   Attorneys for Defendant

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      THE PORTION OF PLAINTIFF'S EXHIBIT A (ECF No. 6-2) CONTAINING
      DEFENDANT'S ATTORNEY-CLIENT IDENTIFYING INFORMATION AND
      PRIVILEGED COMMUNICATION SHOULD BE CLAWED BACK AND
      PERMANENTLY REPLACED BY THE EXHIBIT NOT CONTAINING
      DEFENDANT'S IDENTIFYING INFORMATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            The Portion of the Inadvertently Filed Document Contains Attorney-Client
            Privileged Information and Is an Attorney-Client Communication . . . . . . . . . . . 6

            The Attorney-Client Privileged Document and Communication were Not Waived
            Because the Disclosure was Inadvertent, the Holder of the Privilege or Protection
            Took Reasonable Steps to Prevent Disclosure, and Promptly took Reasonable
            Steps to Rectify the Error. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**CASES**

United States v. Bauer, 132 F.3d 504 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Upjohn Co. v. United States, 449 U.S. 383 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL RULES OF CIVIL PROCEDURE**

FRCP 502 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FRCP 502(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FRCP 502(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

FRCP 502(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## PRELIMINARY STATEMENT

Movant-defendant John Doe subscriber assigned IP address 76.117.94.168 by and through counsel, files this Motion for an Order from the Court clawing back and replacing document 6-2 in support of defendant's motion to quash plaintiff's subpoena to Comcast, and to preclude plaintiff from using certain information and requiring plaintiff to destroy prior versions of the document. This Motion should be granted for the reasons contained in the Legal Argument that follow because the originally filed document was part of an attorney-client privileged communication which contains privileged information (defendant's true name and address), which plaintiff now is aware of. Since the original motion to quash plaintiff's subpoena would have prevented plaintiff from learning and using defendant's actual name and address (if the motion is granted), allowing plaintiff to possess and use this information would render the motion to quash moot.

Likewise, since granting defendant's motion effectively would mean that the privileged documents never was disclosed, plaintiff should be precluded from using any of the information in that documents for its opposition to plaintiff's motion to quash or for any other purpose, and should be required to destroy all copies of the original document.

Defendant has complied with the provisions of Fed R. Civ. P. 502 by showing that the disclosure was inadvertent, describing defendant's reasonable steps and methods to prevent the inadvertent disclosure of this information, and defense counsel's rapid response to take corrective action upon learning of the inadvertent disclosure, which should cause the Court to find that defendant has not waived the attorney-client privilege.

Before filing this Motion, the Court removed the originally filed document with the privileged information from the Court's docket and replaced it with a version not containing that information and permitted defendant to file this Motion.

**STATEMENT OF FACTS**

On November 29, 2018, Strike 3 Holdings, LLC, filed a copyright infringement action against John Doe for illegally downloading and distributing its movies through the BitTorrent protocol. (ECF Doc. 1). Plaintiff accuses defendant John Doe of downloading, illegally, numerous films from plaintiff's pornographic film websites, Blacked, Tushy, Vixen, and Blacked Raw. See Exhibit A annexed to plaintiff's Complaint. (ECF Nos. 1, 1-1).

Upon plaintiff's motion for leave to conduct expedited discovery, the Court entered an Order on January 9, 2019, permitting plaintiff to serve a third-party subpoena on John Doe's Internet Service Provider ("ISP") Comcast, with certain limitations. (ECF No. 5). Plaintiff Strike 3 Holdings' subpoena to Comcast seeks to obtain the identity and residence address of defendant John Doe, who is the account holder of the IP address alleged by plaintiff to have been used for the alleged unauthorized downloading of its copyrighted works.

Defendant then filed a motion to quash plaintiff's subpoena to Comcast, or, in the alternative, to Proceed Anonymously and for a Protective Order, on February 12, 2019. (ECF No. 6).

An exhibit to defendant's motion was a copy of Comcast's cover letter to defendant, plaintiff's subpoena to defendant's ISP Comcast, which sought to obtain the name and address of defendant John Doe subscriber assigned IP address 76.117.94.168 (hereinafter "John Doe") and the Court's prior Order permitting service of the subpoena. See ECF 6-2.

When defense counsel filed the motion to quash, et al, on February, 12, 2019, she redacted John Doe's real name and address on the exhibit so as to preserve that person's anonymity at least and until the Court ruled on the motion to quash. See Declaration of Leslie A. Farber, Esq., filed simultaneously herewith, at par. 4.

Before filing the motion to quash plaintiff's subpoena to Comcast, when she received a copy of the Comcast letter, plaintiff's subpoena and related documents from the client, she reviewed the entire document, specifically and carefully deleted all extraneous pages from the document including the attorney fee agreement, and then proceeded to redact in black that person's name and any other identifying information from the document before filing it with the Court. When preparing motions of this sort (or to seek an order for the defendant's name to remain anonymous on court records), as she has done several times before, defense counsel is aware how important it is to make sure that any information and documents filed with the Court do not reveal the client's name or address since otherwise doing so might defeat the purpose of the motion. That is why she checks and double checks the documents when preparing the motion to quash for filing. *See* Farber Declaration at par. 5.

However, through an undetermined computer error or glitch, a page from the agreement showing John Doe's name and address appeared at the end of the exhibit that was filed with the Court. In the several motions of this type (or motions to keep a defendant's identity anonymous on the court's records) defendant's counsel has filed in this District of the Southern or Eastern District of New York, this is the first and only time a problem like this has occurred. *Id.* at par. 6.

Nevertheless, defense counsel first learned of this error on March 5, 2019, when reviewing an email from opposing counsel from late the previous afternoon (March 4 at 4:00 p.m.). *See* Farber Declaration at par. 7; email dated March 4, 2019 (hereinafter "Exhibit A").

Upon learning of this problem, defense counsel immediately contacted the Court on March 5, 2019, explained the circumstances and asked for direction on how proceed to have the incorrectly filed document replaced with the correct one. As requested by the Court, defense

5

counsel immediately prepared and emailed a letter to the Court and adversary counsel which explained the circumstances, asked that the incorrect document be removed from the Court's docket and replaced with the correct one, and that adversary counsel destroy all paper and electronic copies of the incorrectly filed document.  *See* Letter dated March 5, 2019 (hereinafter "Exhibit B").

After some back and forth letters from the parties to the Court, the Court instructed defendant to file the instant motion.

## LEGAL ARGUMENT

**THE PORTION OF PLAINTIFF'S EXHIBIT A (ECF No. 6-2) CONTAINING DEFENDANT'S ATTORNEY-CLIENT IDENTIFYING INFORMATION AND PRIVILEGED COMMUNICATION SHOULD BE CLAWED BACK AND PERMANENTLY REPLACED BY THE EXHIBIT NOT CONTAINING DEFENDANT'S IDENTIFYING INFORMATION.** FED. R. CIV. P. 502.

A.  <u>The Portion of the Inadvertently Filed Document Contains Attorney-Client Privileged Information and Is an Attorney-Client Communication</u>.

The attorney-client privilege is arguably "the most sacred of all legally recognized privileges." *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir. 1997). As explained by the Supreme Court, "[i]ts purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981).

Plaintiff has argued that a retainer agreement is not protected by attorney-client privilege. Actually, there is no such blanket rule. It is true that a fee arrangement with a client in some cases might not be privileged, such as when the party asserting the privilege is seeking reimbursement for counsel fees. However, the issue here is not the fee arrangement between defendant and defense counsel, but, rather, defendant's identity contained in that document. Thus, it follows that, when the issue before the Court is whether the adverse party is entitled to learn and use the identity of John Doe via a subpoena, and that information is contained in an inadvertently filed document which otherwise may contain an attorney-client privileged document when it was communicated from the client to his or her attorney and incorrectly filed with the Court, the retainer agreement identifying the person named in the document should be considered privileged. The document in question was part of a privileged attorney-client communication since defense counsel received it from the defendant.

6

Unlike employment discrimination or other claims involving fee shifting where the terms of the fee arrangement in the retainer are in issue may be subject to disclosure, the blocking of defendant's identify from plaintiff and plaintiff's inability to use that information is the essence or sine qua non of defendant's Motion to Quash plaintiff's subpoena.

Plaintiff is likely to argue that disclosure of defendant's name and address prove that plaintiff's geolocation methods are accurate and defendant now should be prevented from hiding behind this information or arguing otherwise. However, the issue is not whether defendant resides or did reside in this district at the time of the alleged copyright infringement since plaintiff has the burden to prove proper jurisdiction and venue.

Accordingly, the inadvertently file portion of defendant's exhibit to the motion to quash contains was part of an attorney-client communication containing privileged information that should be clawed back as explained in the following section.

B.   The Attorney-Client Privileged Document and Communication were Not Waived Because the Disclosure was Inadvertent, the Holder of the Privilege or Protection Took Reasonable Steps to Prevent Disclosure, and Promptly took Reasonable Steps to Rectify the Error.

Federal Rule of Civil Procedure 502, entitled "Attorney-Client Privilege and Work Product; Limitations on Waiver," provides in pertinent part:

> The following provisions apply, in the circumstances set out, to disclosure of a communication or information covered by the attorney-client privilege or work-product protection.
> * * *
> (b) **Inadvertent Disclosure**. When made in a federal proceeding or to a federal office or agency, the disclosure does not operate as a waiver in a federal or state proceeding if:
>
>> (1) the disclosure is inadvertent;
>>
>> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

7

>(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26 (b)(5)(B).

In this case, there is no dispute that the disclosure was inadvertent since defendant never would have knowingly revealed defendant's name and address in a court filing designed to shield that very information from the plaintiff. Plaintiff even acknowledges the inadvertent nature of this. FRCP 502(b)(1).

Upon receiving a copy of the Comcast letter, plaintiff's subpoena and related documents from her client, defense counsel reviewed the entire document and specifically and carefully deleted all extraneous pages from the document including a page from the attorney fee agreement, and then proceeded to redact in black that person's name and any other identifying information from the document to prepare it for filing it with the Court. However, through an undetermined computer error or glitch, a page from the agreement showing John Doe's name and address appeared at the end of the exhibit that was filed with the Court. In the several motions of this type (or motions to keep a defendant's identity anonymous on the court's records) defense counsel has filed in this District or in the Southern or Eastern District of New York, this is the first and only time a problem like this has occurred.

Thus, defendant submits that all reasonable were taken to prevent disclosure of the confidential, privileged document in accordance with FRCP 502(b)(2).

As one can see, as soon as defense counsel became aware of the inadvertent disclosure in the filed document, she took all appropriate and immediate steps (within hours) to rectify the error in accordance with FRCP 502(b)(3).[1]

---

[1] The situation in this case is not about the more typical inadvertent disclosure of privileged documents in the discovery process.

8

Thus, the document that was inadvertently included with Exhibit A to defendant's Motion to Quash plaintiff's subpoena, regardless of it being part of a retainer agreement, contains privileged information (defendant's name and address) that was communicated confidentially from defendant to defendant's counsel and was not intended to be revealed to anyone else. The confidentiality of this nature is the very essence of defendant's motion to quash plaintiff's subpoena.

The inadvertently filed document did not waive the privileged nature of its contents or its communication from defendant to defendant's counsel because defendant has complied with all of the criteria in FRCP 502 to prevent the document, communication or information contained therein from being waived.

Accordingly, defendant's Motion to clawback and permanently replace document 6-2 in support of defendant's motion to quash plaintiff's subpoena to Comcast should be granted.

Likewise, since granting defendant's motion effectively would mean that the privileged documents never was disclosed, it naturally follows that plaintiff should be precluded from using any of the information in that document for its opposition to plaintiff's motion to quash or for any other purpose, and that plaintiff should be required to destroy all copies of the original document. Otherwise, this motion and the pending motion to quash would effectively be a nullity.

## CONCLUSION

Defendant's Motion to clawback and replace document 6-2 in support of defendant's motion to quash plaintiff's subpoena to Comcast should be granted for the reasons contained in Point I.  Likewise, since granting defendant's motion effectively would mean that the privileged documents never was disclosed, plaintiff should be precluded from using any of the information in that documents for its opposition to plaintiff's motion to quash or for any other purpose, and plaintiff should be required to destroy all copies of the original document.

Respectfully submitted,
LESLIE A. FARBER, LLC
Attorneys for Defendant John Doe
subscriber assigned IP address
76.117.94.168

/s/ Leslie A. Farber

Dated: April 12, 2019           By:    Leslie A. Farber
                                       eMail: LFarber@LFarberLaw.com