# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>         **Plaintiff,**<br><br>         v.<br><br>**JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 76.117.94.168,**<br><br>         **Defendants.** | Civil Action No. 18-16593 (MAS)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

      Pending before this Court is Defendant John Doe Subscriber Assigned IP Address 76.117.94.168's ("Defendant") motion to quash Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") subpoena to Comcast, Defendant's Internet Service Provider ("ISP") or in the alternative, seeking an order permitting Defendant to proceed anonymously and for a protective order. (Docket Entry No. 6). Plaintiff opposes Defendant's motion to quash but does not oppose Defendant proceeding anonymously. (Docket Entry No. 8). The Court has fully reviewed all arguments raised in favor of and in opposition to Defendant's motion. The Court considers Defendant's motion to quash without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

      This case is one of many in this District alleging copyright infringement for the unauthorized downloading and distributing of Plaintiff's adult motion pictures across the BitTorrent network. (Docket Entry No. 1). Plaintiff, who knows the Defendant only by Internet Protocol ("IP") address, moved before the Court pursuant to FED. R. CIV. P. ("Rule") 45 to issue

a third-party subpoena on Comcast for Defendant's identifying information. (Docket Entry No. 3). The Court found, by Order on January 9, 2019, that good cause existed to issue and serve the subpoena on Comcast, despite the fact that a Rule 26(f) conference has not yet occurred. (Docket Entry No. 5). Plaintiff issued the subpoena and Defendant filed the instant motion to quash.

    A. Defendant's Argument

Defendant argues Plaintiff's subpoena should be quashed because (1) Plaintiff has failed to establish jurisdiction over Defendant or proper venue in this District, (2) the subpoena would subject Defendant to undue burden, annoyance, harassment and expense, and (3) the subpoena will not succeed in identifying the alleged offender. (*See* Docket Entry No. 6-3).

First, Defendant argues that that Plaintiff has failed to supply any evidence demonstrating the accuracy of its geolocation tracking software and therefore fails to establish valid jurisdiction over the Defendant. Defendant asserts that Courts dealing with similar cases have denied early discovery requests based on concerns with the accuracy of the plaintiff's geolocation methods, specifically citing *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018) for the proposition that Plaintiff's motion cannot survive a motion to dismiss without seeking more discovery than the limited request it has already made. (*Id*. at 17-18).

Second, Defendant argues that his or her privacy rights are implicated with the subpoena and he or she therefore has standing to challenge it even though it is addressed to a third party. Specifically, Defendant argues that subscribers in Defendant's position in other cases are often embarrassed about the prospect of being named in a suit involving pornographic film, thus leveraging the copyrighter's settlement position. Defendant describes that in similar cases, the Plaintiff will send a settlement demand to the IP subscriber whom the ISP identifies, putting Defendants in a position to retain legal assistance to fight the claim that he or she illegally

downloaded sexually explicit materials, or pay the settlement demand. Plaintiff cites out of District cases that discuss this coercive behavior.[1]

Further, Defendant argues that Plaintiff's subpoena will not successfully identify the alleged offender, because Plaintiff will be unable to show that the actual infringer is the subscriber John Doe and "not some other person in this defendant's business or household, or a family guest or customer, or a neighbor, or a stranger driving by who may have hacked or leeched this defendant's internet access." (*Id.* at 26). Defendant cites cases that highlight that "[s]everal courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." (*Id.* at 28, citing *Malibu Media, LLC v. Doe,* No. 8:13-cv-00365 (ECF No. 60 at 7), 2014 WL 7188822, at *4 (D. MD. Dec. 16, 2014)). Therefore, Defendant argues, this Court should vacate Its prior Order and Quash the subpoena issued to Comcast because it is not likely to yield the correct information as to the person likely to have committed the infringement.

Lastly, Defendant argues that should the Court not grant its motion to quash, Defendant's identity should remain anonymous, as Defendant risks "embarrassment and ridicule" should his or her identity and personal information be revealed throughout the course of this litigation. (Docket Entry No. 6-3 at 34). Specifically, Defendant asks the Court to issue an order containing the following:

1. John Doe subscriber assigned IP address 76.117.94.168 shall proceed anonymously, as a "John Doe," in this matter;
2. Plaintiff will maintain confidential and not disclose publicly or in this Court (except if

---

[1] *See, e.g., SBO Pictures, Inc., v. Does 1-3,036*, No. 11-4220 (ECF No. 14 at 8), 2011 WL 6002620, at *8 (N.D. Cal. Nov. 30, 2011) (quoting *Hard Drive Prods., Inc., v. Does 1-130,* No. C-11-3826 (ECF No. 16), 2011 U.S. Dist. LEXIS 132449 at *9 (N.D. Cal. Nov. 16, 2011), *Ingenuity 13 LLC. v. John Doe,* No. 12-8333 (ECF No. 48 at 7) (C.D. Cal. Feb. 7, 2013), *Hard Drive Prods., Inc. v. Does 1-90,* No. 11-03825 (ECF No. 18 at 11), 2012 WL 1094653, at *7 (N.D. Cal. Mar. 30, 2012), *Malibu Media, LLC, v. John Doe subscriber assigned IP address 66.108.67.10,* No. 1:15-cv-04369 (ECF No. 10 at 5-6) (S.D.N.Y. July 6, 2015).

under seal) the identity and contact information of this John Doe or of his/her immediate family; and
3. Upon request or Order from the Court, after being served with process, John Doe shall submit his or her name under seal.

(*Id*. at 39).

### B. Plaintiff's Argument

Plaintiff opposes Defendant's motion to quash on several grounds. (Docket Entry No. 8). Plaintiff argues that it has demonstrated a good faith basis for asserting personal jurisdiction and venue based on its reliance on a geolocation tracking software called "MaxMind" that is relied upon by law enforcement agencies and recognized as accurate by several courts. (*Id.* at 10-11). Plaintiff further argues that Defendant has submitted no evidence, despite clearly having it in his or her possession, to support the assertion that venue in this Court is inappropriate. (*Id.* at 10). Plaintiff notes that while it is its burden to demonstrate facts that support personal jurisdiction,

> [c]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' the plaintiff's right to conduct jurisdictional discovery should be sustained.

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted).

Plaintiff argues that MaxMind technology provides Plaintiff with an approximate location of the Defendant's IP address through its geolocation database, and that many courts around the country,[2] have found that tracing an IP address in this manner establishes a *prima facie* case of personal jurisdiction and venue. Plaintiff also notes that Defendant does not deny that he or she

---

[2] Plaintiff cites, e.g., *Spanski Enterprises, Inc. v. Telewizja Polska S.A.*, 222 F. Supp. 3d 95, 106 (D.D.C. 2016), *as amended* (Dec. 12, 2016), *aff'd*, 883 F.3d 904 (D.C. Cir. 2018); *Criminal Prods., Inc. v. Doe*, No. 16-2589, 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016); *SBO Pictures, Inc. v. Does 1-20*, No. 12-3925, 2012 WL 2304253, at *1 n.10 (S.D.N.Y. June 18, 2012).

4

lives in New Jersey or provide any evidence to the contrary. Defendant contends that Plaintiff's reliance on the holding of *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018) has little merit because it is out of district, rife with erroneous findings, is currently on appeal to the Court of Appeals for the District of Columbia, and, most notably, no District Court has yet to adopt its findings. (*Id.* at 16). Plaintiff further argues that while "[i]t is plausible that files downloaded using a particular IP address were downloaded by the subscriber of that address [and the] possibility that a family member, guest, or neighbor may have downloaded the [motion pictures] does not render Plaintiff's claims implausible." *Malibu Media, LLC v. Doe*, No. 16-1739, 2017 WL 1050573, at *2 (D.N.J. Mar. 20, 2017) (denying motion to dismiss).

Next, Plaintiff contends that its right to continue with this litigation outweighs Defendant's minimal privacy interests. Plaintiff states that "[c]ourts have consistently ruled that 'Internet subscribers do not have a reasonable expectation of privacy in their subscriber information.'" *Id.* (citing *Sony Music Entm't v. Does 1-40,* 326 F. Supp. 2d 556, at 566-67 (S.D.N.Y. 2004); *see also Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1-4, 577,* 736 F. Supp. 2d 212, 216 (D.D.C. 2010)). As Defendant voluntarily disclosed his or her information in order to set up the internet account, Plaintiff claims that Defendant cannot now claim it as so confidential to establish a basis for quashing the subpoena to Comcast.

Further, Plaintiff argues that this Court has repeatedly held that similar Defendants suffer no undue burden as a result of analogous subpoenas. Plaintiff expresses that there is no evidence that it has ever engaged in the type of abusive tactics suggested by Defendant, and that several Courts have noted this Plaintiff's good faith conduct in similar matters. (Docket Entry No. 8 at 22). Additionally, Plaintiff points out that Defendant's "parade of horribles" is not possible here because Defendant is represented, and a review of the docket shows the parties are actively

engaging in the litigation despite Defendant's concerns that this action was only brought to extort settlement.

Plaintiff also asserts that Defendant's denial of infringement is not a basis to quash the subpoena because the information sought is discoverable and Defendant's reliance on *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d at 1147 ("*Cobbler*") is misplaced. Plaintiff stresses that "no court interpreting Cobbler or reviewing arguments similar to Defendant's have held that Cobbler closes the door on the early discovery sought here." (*Id*. at 28).

Lastly, while Plaintiff clearly opposes Defendant's motion to quash, Plaintiff does not object to allowing Defendant to proceed anonymously and states that it will work with Defendant to file an appropriate sealing motion providing same. (*Id.* at 28).

## II. DISCUSSION

### A. Legal Standard

Rule 45(c)(3)(A) sets forth the circumstances under which the Court must quash a subpoena. In relevant part, it provides:

> (c) Protecting a Person Subject to a Subpoena
> > (3) *Quashing or Modifying a Subpoena*
> > > (A) *When Required*. On timely motion, the issuing court must quash a subpoena that:
> > > > (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> > > > (iv) subjects a person to an undue burden

"The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of Rule 45 are satisfied." *Malibu Media, LLC v. John Does 1-15*, Civil Action No. 12-2077, 2012 WL 3089383, at *5 (E.D. Pa. Jul. 30, 2012) (citing *City of St. Petersburg v. Total Containment, Inc.*, No. 07-191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)). This has been described as "a heavy burden." *Malibu Media, LLC v. John Does # 1-30*, Civil Action No. 12-

6

3896-MAS, 2012 WL 6203697, at *2 (D.N.J. Dec. 12, 2012) (internal quotation marks and citation omitted). The Court considers "whether the Defendants have standing . . ., the relevancy of the production sought, whether any privilege or protection applies . . ., and whether the subpoena subject[s] Defendants to undue burden." *Schmulovich v. 1161 R. 9, LLC*, Civil Action No. 07-597 (FLW), 2007 WL 2362598, at *2 (D.N.J. Aug. 15, 2007).

B. Jurisdiction

Defendant contends that Plaintiff has failed to establish jurisdiction over Defendant or proper venue in this District because it fails to present evidence that its geolocation tracking software is accurate. (*See* Docket Entry No. 6-3 at 15). In this vein, Defendant relies on *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018), which denied plaintiff's request for a Rule 26(f) subpoena to identify the defendant based on that Court's concerns with the identifying technology. Additionally, Defendant cites a Loyola Law Professor for the proposition that geolocation technology is "not always reliable[.]" (*See* Matthew Sag, Defense Against the Dark Arts of Copyright Trolling, IOWA L. REV. (2017) at *17 available at https://papers.ssrn.com/sol3/papers.cfm?abstract_id=2933200).

However, not only is the opinion in *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018) not binding upon this Court, Courts in this District maintain that "Plaintiff's burden at the pleading stage is that of plausibility, not certainty." *See, e.g., Malibu Media, LLC v. Doe*, No. 16-1739, 2017 U.S. Dist. LEXIS 39426, *5, 2017 WL 1050573, at *2 (D.N.J. Mar. 20, 2017) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Moreover, in matters similar to this, Courts in this District have held that the use of such geolocation technology to trace an address to a jurisdiction to be sufficient. *See, e.g., Malibu Media, LLC v. Toshi Yamada*, 2019 U.S. Dist. LEXIS 63290, 2019 WL 1586813, at *2

(D.N.J. Apr. 12, 2019); *Malibu Media, LLC v. Tsao*, 2016 U.S. Dist. LEXIS 80204, 2016 WL 3450815, at *3 (D.N.J. June 20, 2016), *Malibu Media, LLC v. Deleon*, 2016 U.S. Dist. LEXIS 79709, 2016 WL 3452481, at *3 (D.N.J. June 20, 2016), *Malibu Media, LLC v. Wong*, 2015 U.S. Dist. LEXIS 92447, *2, 2015 WL 4393917 (D.N.J. July 16, 2015).

Therefore, the Court finds that Plaintiff has demonstrated sufficient facts to establish jurisdiction and proper venue in this Court. Plaintiff has shown a good faith effort to accurately identify the infringer in this matter, and, importantly, has no other method of doing so other than by subpoenaing the ISP. The Court will not require Plaintiff to go above and beyond its use of the geolocation tracking service in order to demonstrate this at this stage in the proceedings. Plaintiff has sustained its evidentiary burden and shown good cause to subpoena the records from Comcast.

C. <u>Standing</u>

Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). However, "a party has standing to bring a Motion to Quash or modify a subpoena upon a non-party when the party claims a personal privilege in the production sought." *Schmulovich*, 2007 WL 2362598, at *2 (citing *DIRECTV, Inc. v. Richards*, No. Civ. 03-5606 (GEB), 2005 WL 1514187, at *1 (D.N.J. June 27, 2005) (citing *Catskill Dev., LLC v. Park Place Entertainment Corp.*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)). For example, a party has sufficient standing to challenge a subpoena issued to a bank that seeks disclosure of that party's financial records. *Schmulovich*, 2007 WL 2362598, at *2.

Here, while Defendant focuses his arguments on undue burden, he also suggests that the subpoena will impede a personal interest. In this regard, Defendant claims the requested

information is confidential and that he has a personal interest in maintaining the confidentiality of same. Further, Defendant's concerns in this regard has led Defendant to seek permission to proceed anonymously in the event the Court denies his motion to quash. (*See* Docket Entry No. 8 at 34). While the Court does not find these factors overwhelmingly convincing, the Court finds that these assertions are sufficient to confer standing. Therefore, the Court turns to whether the information sought by the subpoena is indeed privileged or protected material.

D. Plaintiff's Third-Party Subpoena Does Not Seek Privileged or Protected Material

Pursuant to Rule 45(c)(3)(A)(iii), the Court must quash or modify a subpoena if the subpoena seeks "disclosure of privileged or other protected matter, if no exception or waiver applies." However, "[t]he burden rests squarely on the Defendant, as the moving party, to demonstrate that a privilege exists and that the subpoena would disclose such information." *Malibu Media*, 2012 WL 3089383, at *5 (citing *City of St. Petersburg v. Total Containment, Inc.*, MISC. Case No. 07-191, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008)).

Here, the Court is not persuaded that Plaintiff's subpoena seeks either privileged or protected material. Instead, as this and other courts have consistently ruled, individuals such as Defendant, as internet subscribers, "do not have a reasonable expectation of privacy in their subscriber information." *Achte/Neunte Boll Kino Beteiligungs Gmbh & Co. Kg. v. Does 1-4*, 577, 736 F. Supp. 2d 212, 216 (D.D.C. 2010). This is because Defendant voluntarily disclosed his or her personal information to the ISP, Comcast, in order to set up his or her Internet account. Accordingly, Defendant cannot now claim that such information is privileged or confidential to establish a basis for quashing the subpoena served on his or her ISP. *See, e.g., Malibu Media, LLC v. Doe*, 2016 U.S. Dist. LEXIS 92069, 2016 WL 3876425*, First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 2470248 (N.D. Ill. 2011) (finding disclosure of personal information to ISP

negates privacy interest); *Call of the Wild Movie, LLC v. Smith*, 274 F.R.D. 334, 339-340 (D.D.C. 2011) (same).

      E.  <u>Plaintiff's Third-Party Subpoena Does Not Impose an Undue Burden on Defendant</u>

A party does not generally have standing to challenge a third-party subpoena based on undue burden because the subpoena is directed at the ISP and not the defendant. *See Malibu Media*, 2012 WL 3089383, at *8; *Third Degree Films, Inc. v. Does 1-118*, 2011 WL 6837774, at *3 (D.Md. Dec. 28, 2011) ("Defendants' argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants and accordingly does not require them to produce any information or otherwise respond.") Notwithstanding the fact that Defendant does not have standing to contest the third-party subpoena on the basis of undue burden, even if the Court were to consider the merits of Defendant's arguments, the Court finds that Defendant has not established that the third-party subpoena imposes an undue burden on him.

An undue burden exists when "the subpoena is 'unreasonable or oppressive.'" *In re Lazaridis,* 865 F. Supp.2d 521, 524 (D.N.J. 2011) (quoting *Schmulovich*, 2007 WL 2362598, at *4). While there is no strict definition of "unreasonable or oppressive," courts use several factors in determining a subpoena's reasonableness: "(1) the party's need for the production; (2) the nature and importance of the litigation; (3) the relevance of the material; (4) the breadth of the request for production; (5) the time period covered by the request; (6) the particularity with which the documents are described; and (7) the burden imposed on the subpoenaed party. *Id*. On a motion to quash, it is the moving party's burden to demonstrate that the subpoena is burdensome and unreasonable." (*Id.*)

Defendant claims that an undue burden exists because the information sought is not relevant and because Plaintiff is engaging in a systematic attempt to leverage settlements from individuals like Defendant without possessing valid claims intended to bring to trial. (*See* Docket Entry No. 6-3 at 20). The Court addresses these arguments in turn below. Regarding the other "undue burden factors," the Court finds that there is no way for Plaintiff to obtain the identity of the Defendant without issuing the subpoena to his or her ISP. Without this information, Plaintiff would be unable to enforce its rights over the named copyrighted works. Therefore, the Court finds that the subpoena is neither oppressive nor unreasonable and the subpoena does not impose an undue burden on Defendant.

F. Relevance

"A Rule 45 subpoena served in conjunction with discovery must fall within the scope of proper discovery under FED.R.CIV.P. 26(b)(1)." *Schmulovich*, 2007 WL 2362598, at *2 (citing *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D.Kan.2003)). Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). Defendants bear the burden of showing relevance here. *See Hashem v. Hunterdon County*, 2017 U.S. Dist. LEXIS 76249, *5, 2017 WL 2215122, *citing In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234 (E.D. Pa. 2014) (noting that the subpoenaing party bears the initial burden to establish relevance).

Defendant claims that the subpoena will not accurately identify the alleged infringer because the IP address only identifies an internet subscriber and not the actual infringer, as multiple people can be linked to one single IP address. This argument is unpersuasive. The appropriate inquiry under Rule 26(b)(1) is not whether the information sought will lead to identifying the actual infringer, but whether the information sought reasonably leads to the discovery of admissible

11

evidence.  While it is possible that the Defendant is not the individual who downloaded the infringing material, it is, however, plausible that he has information which could lead to the identification of the alleged infringer. *See Malibu Media*, 2012 WL 3089383, at *10 (citing *OMS Investments, Inc. v. Lebanon Seaboard Corp.*, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)); *See also Malibu Media, LLC v. Does 1-11*, 2013 WL 1504927, at *6 (D.N.J. Apr. 11, 2013) ("even if the information itself is not admissible evidence because the subscriber is not the alleged infringer, the information might lead to the discovery of other admissible evidence pertaining to the identity of the alleged infringer").  Further, "[i]f 'any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant subscriber's IP address to perpetuate the alleged infringement' then a plaintiff would be unable to enforce its rights." *Malibu Media, LLC*, 2013 U.S. Dist. LEXIS 183958, 2014 WL 229295 at *9 (D.N.J. January 21, 2014). As a result, the Court finds that the information sought by the subpoena is relevant for purposes of serving the Defendant.

Defendant's reliance on *Cobbler Nev., LLC v. Gonzales*, 2016 U.S. Dist. LEXIS 75298, does not persuade this Court to the contrary.  In that case, as is relevant here, the Ninth Circuit addressed the pleading standard for a Plaintiff in a copyright BitTorrent action.  As Plaintiff points out, the facts leading to the Court's ruling that the Plaintiff in that case was to pay attorney's fees because Plaintiff did not act reasonably where the "only connection between [the defendant] and the infringement was that he was the registered internet subscriber and that he was sent infringement notices." 901 F.3d at 1147.  Even in *Cobbler* itself, the Plaintiff was allowed to subpoena the ISP.  It was only after Plaintiff conducted an investigation into the Defendant, including deposing him, that the Ninth Circuit found it unreasonable for the Plaintiff to continue to pursue the Defendant because no other information linked him to the infringement. *Cobbler*

does not suggest that the sort of information sought here should not be discoverable.

      G. <u>Allegation of Coercive Litigation Tactics</u>

Defendant claims that the subpoena is unduly burdensome because it would force him or her to defend a copyright infringement allegation when the Plaintiff does not actually intend to litigate the matter at trial. Defendant contends that Plaintiff plans to use the threat of litigation coupled with the threat of reputational injury to coerce a settlement. Defendant accuses Plaintiff of being a "copyright troll" like those who "often use tactics designed to embarrass defendants into settling quickly." (Docket Entry No. 6-3 at 25).

At the outset, the Court does not find that Defendant has provided any evidence that Plaintiff has or plans to engage in such abusive litigation tactics. Even so, however, the undue burden Defendant described is not the type of "undue burden" that Rule 45 was designed to protect against. As this and other Courts have held, this "burden" has nothing to do with the subpoena to Comcast or the onus on Comcast in responding to same. Further, the fact remains that file sharing of copyrighted work is infringement. *See Metro-Goldwyn-Mayer Studies Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005). Plaintiff must be able to enforce its rights, which would be made difficult—if not impossible—if any defendant could quash a subpoena based on the mere possibility that someone else used the Defendant's IP address.

As aforementioned, the information sought via the subpoena to Comcast is relevant. Moreover, while "there may be 'some social stigma attached to consuming pornography . . . it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove.'" *Malibu Media, LLC v. John Does # 1-30,* 2012 WL 6203697, at *7 (D.N.J. Dec. 12, 2012) (quoting *Patrick Collins, Inc. v. John Does 1-54*, 2012 WL 911432, at *4 (D.Ariz.

Mar. 19, 2012). As a result, Plaintiff's alleged coercive litigation tactics do not convince the Court that the third-party subpoena should be quashed.

Nevertheless, given Defendant's concerns about harm due to public disclosure and Plaintiff consenting to Defendant's alternative request, the Court shall permit Defendant to proceed anonymously. This will allow the parties to engage in discovery to analyze the allegations set forth in the Complaint without any risk of reputational injury to Defendant. However, the parties are advised that as this case proceeds, this decision will be reevaluated and it is unlikely that, absent a stronger showing, Defendant will be allowed to proceed anonymously through trial. *See Id.* (citing *Liberty Media Holdings, LLC v. Swarm Sharing Hash File*, 821 F.Supp. 2d 444, 453 (D. Mass. 2011) (finding that "[t]he potential embarrassment to [Defendants] of being associated with allegations of infringing hardcore pornography does not constitute an exceptional circumstance that would warrant allowing the defendants to proceed anonymously.")

### III. CONCLUSION

For the reasons set forth above, Defendant's motion to quash is DENIED, but Defendant, shall, at this juncture, be permitted to proceed anonymously. An appropriate Order follows.

Dated: September 30, 2019

                                              s/ Tonianne J. Bongiovanni
                                              **HONORABLE TONIANNE J. BONGIOVANNI**
                                              **UNITED STATES MAGISTRATE JUDGE**